UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LOCAL UNION NO. 164,
INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS,
AFL-CIO AND IBEW LOCAL 164
BENEFIT FUNDS,

    Petitioner,

v.

ATLANTICOM, INC.,

    Respondent.

Civil Action No. 17-11817 (FLW)(LHG)

**MEMORANDUM ORDER**

**THIS MATTTER** having been opened to the Court, by Zazzali, Fagella, Nowak, Kleinbaum & Friedman, PC, counsel for Petitioner Local Union No. 164, International Brotherhood of Electrical Workers, AFL-CIO and IBEW Local 164 Benefit Funds ("Petitioner"), on a Petition to Confirm the Arbitration Award entered on July 3, 2017, by Arbitrator J.J. Pierson, after a hearing held on May 25, 2017 (the "Arbitration Award"); it appearing that Respondent Atlanticom, Inc. ("Respondent"), through counsel Helmer, Conley & Kasselman, P.A., opposes the motion; and

**IT APPEARING THAT** this Court's review of arbitration awards "could be generously described only as extremely deferential," *Dluhos v. Strasberg*, 321 F.3d 365, 372 (3d Cir. 2003); and "[t]he narrow circumstances under which a court may vacate an arbitration award are defined exclusively in Section 10 of the FAA." *Bellantuono v. ICAP Sec. USA, LLC*, 557 F. App'x 168, 173 (3d Cir. 2014) (citing *Hall Street Assocs. LLC v. Mattel, Inc.,* 552 U.S. 576, 586–87, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008)); Section 10 of the Federal Arbitration Act ("FAA") provides that a district court may vacate an arbitration award:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10; *"*In this regard, a court may not review the merits of the arbitral decision." *News Am. Publications, Inc. Daily Racing Form Div. v. Newark Typographical Union, Local 103*, 918 F.2d 21, 24 (3d Cir. 1990) (*citing United Paperworkers International Union v. Misco,* 484 U.S. 29, 36 (1987)); "[a] court does not review the award to ascertain whether the arbitrator has applied the correct principles of law." *Id.* at 24 (citing *United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 598 (1960)); "[a]n arbitral award may not be overturned for factual error, or because the court disagrees with the arbitrator's assessment of the credibility of witnesses, or the weight the arbitrator has given to testimony." *Id.* at 24 (citing *Misco,* 484 U.S. at 38; *NF & M Corp. v. United Steelworkers of America,* 524 F.2d 756, 759 (3d Cir. 1975)); "the test used to probe the validity of a labor arbitrator's decision is a singularly undemanding one." *Id.* at 24; and

**IT APPEARING THAT** in Opposition, Respondent seeks to have the Arbitration Award vacated and remanded back to the Arbitrator with instructions for an additional audit of the Respondent's books and records to be conducted to determine whether the proper wage scale was applied in determining the amount of payroll deductions and contributions required of

Respondent; Respondent concedes that its Opposition to the Petition does not challenge the Arbitration Award on any of the grounds set forth in 9 U.S.C. § 10, [ECF No. 11, p. 2]; instead, Respondent raises the novel argument that the Arbitration Award should be remanded for re-auditing, reconsideration, and amendment on the basis of a "post-award accord;" Respondent provides no legal support for its novel theory, citing only, by way of example, the case of *Nevets C.M., Inc. v. Nissho Iwai American Corp.*, 726 F. Supp. 525 (D.N.J. 1989), a case with no bearing upon, and, indeed, with no reference to, matters decided under the FAA; further, Respondent provides no factual support for the existence of any post-award agreement between the parties modifying the Arbitration Award;

**THE COURT FINDS** that Respondent has failed to raise any basis for vacating the Arbitration Award, which the Petition indicates, and Respondent's Opposition does not dispute, was reached pursuant to an agreement biding all parties, after adequate notice and a proper hearing; therefore, the Court having considered the submissions of the parties; pursuant to Fed. R. Civ. P. 78; for the reasons set forth above; and for good cause shown,

**IT IS** this 13th day of March, 2018,

**ORDERED** that the Arbitration Award issued by Arbitrator J.J. Pierson on July 3, 2017, is **CONFIRMED**.

/s/ Freda L. Wolfson  
The Honorable Freda L. Wolfson  
United States District Judge